# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 20-01062 HWV |
|     DAVID M. SULLIVAN | : | |
|     aka DAVID SULLIVAN, | : | |
|     Debtor, | : | |
| | : | |
| FREEDOM MORTGAGE | : | |
| CORPORATION, | : | |
|     Movant, | : | Chapter 13 |
| | : | |
|     vs. | : | |
| | : | |
| DAVID M. SULLIVAN | : | |
| aka DAVID SULLIVAN, | : | |
|     Respondent/Debtor, | : | |
| | : | |
| CHARLES J. DEHART, III, | : | |
|     Trustee, | : | 11 U.S.C. Section 362 |

**DEBTOR'S OBJECTION TO MOTION BY FREEDOM MORTGAGE CORPORATION FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362**

AND NOW TO WIT, this 18th day of December 2020, comes the Respondent/Debtor, David M. Sullivan aka David Sullivan by and through his attorneys, Strausbaugh Law PLLC and file this Debtor's Objection to Motion by Freedom Mortgage Corporation for Relief from Automatic Stay Pursuant to 11 U.S.C. Section 362(d) whereof the following is a statement:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Denied. The averments in paragraph 4 refer to a writing which speaks for itself and therefore no response is required. If a response is required, the averments in paragraph 4 are denied.

    5.    Denied. The averments in paragraph 5 are legal conclusions to which no response is required. If a response is required, the averments in paragraph 5 are denied.

1

6. Denied. The Debtor denies the payoff amount is $196,367.06 as the Movant has failed to properly account for the payments that have been made by the Debtor individually and through a conduit payment by the Trustee.

7. Admitted and denied. Admitted the monthly mortgage payment is $1,412.90 for the months of August 2020 through November 2020 and $1,417.17 for December 2020. All other averments are denied. By way of additional answer, the Debtor has made all payments for the mortgage for the months of August 2020 through December 2020 through a Trustee conduit payment established in the Debtor's Amended Chapter 13 plan.

8. Denied. The amount of $7,068.77 is not owed to reinstate the loan post-petition.

9. Denied. The averments in paragraph 9 are legal conclusions to which no response is required. If a response is required, the averments in paragraph 9 are denied.

10. Denied. The Debtor has made the required payments post petition through a Trustee conduit payment and therefore the Movant had no reason to incur legal fees and costs in filing the Motion for Relief.

11. Denied. The averments in paragraph 11 are legal conclusions to which no response is required. If a response is required, the averments in paragraph 11 are denied.

WHEREFORE, the Respondent Debtor requests that this Honorable Court enter an order denying the relief requested by Movant Freedom Mortgage Corporation for Relief from Automatic Stay Pursuant to 11 U.S.C. Section 362(d) and deny Movant's request to exercise any and all of its remedies under its loan documentation and under state law to proceed with the foreclosure on the mortgaged premises, and to allow the Sheriff's Grantee to take any legal action to enforce its right to possession of the mortgaged premises, and that it has such other relief.

Date: <u>December 18, 2020</u>　　　By:　　STRAUSBAUGH LAW, PLLC
<u>/s/ Scott J. Strausbaugh</u>
Scott J. Strausbaugh, Esquire
PA Bar ID No. 89425
Counsel for Respondent/Debtor
1201 West Elm Avenue, Suite #2
Hanover, Pa 17331
Phone: (717) 797-3908
Email: scott@strausbaughlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | Case No. 20-01062 HWV |
| --- | --- | --- |
|     DAVID M. SULLIVAN | : | |
|     aka DAVID SULLIVAN, | : | |
|     Debtor, | : | |
| | : | |
| FREEDOM MORTGAGE | : | |
| CORPORATION, | : | |
|     Movant, | : | Chapter 13 |
| | : | |
|     vs. | : | |
| | : | |
| DAVID M. SULLIVAN | : | |
| aka DAVID SULLIVAN, | : | |
|     Respondent/Debtor, | : | |
| | : | |
| CHARLES J. DEHART, III, | : | |
|     Trustee, | : | 11 U.S.C. Section 362 |

CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing Debtor's Objection on the Movant via first class mail and email upon the following:

KML Law Group, P.C.
Attn: Rebecca A. Solarz, Esq.
Attorney for Movant
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
rsolarz@kmllawgroup.com

Charles J. Dehart, III, Esquire
Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
dehartstaff@pamd13trustee.com

Date: December 18, 2020        By:

STRAUBAUGH LAW, PLLC
/s/ Scott J. Strausbaugh
Scott J. Strausbaugh, Esquire
PA Bar ID No. 89425
Counsel for Defendants
1201 West Elm Avenue, Suite #2
Hanover, Pa 17331
Phone: (717) 797-3908
Email: scott@strausbaughlaw.com

4